IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY R. HUFF, et al.,

    Plaintiffs,

v.                                              Civil Action No. **3:11CV395**

JIM STEWARD, III, et al.,

    Defendants.

**MEMORANDUM OPINION**

Thirteen detainees at the Virginia Center for Rehabilitative Services (hereinafter "Plaintiffs") filed this pro se 42 U.S.C. § 1983 action.[1]

**I. PROCEDURAL HISTORY**

By Memorandum Order entered on August 9, 2011, the Court informed Plaintiffs that they could not pursue the action as a class action because they were not represented by counsel. The Court further noted the allegations in the original complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests.[2] Accordingly,

---

[1] Plaintiffs who signed the original complaint were: Johnny R. Huff, Daryl Graves, Charles R. Turner, Phillip Garrett, Harry Hammar, Larry D. Blanchard, Lester Nunley, D. Bryant, Ray Holly, L. Hood, Christopher Bennett, Thomas Lambert, and Melvin Stanley.

[2] On August 3, 2011, the Court received a document titled, "AMENDED COMPLAINT." That submission consisted largely of a list of inmates who wished to join Plaintiffs' putative class action. Given the Court's ruling on Plaintiffs' attempt to proceed as a class action, the "AMENDED COMPLAINT" shall receive no further consideration.

the Court directed Plaintiffs, within twenty-one (21) days of the date of entry thereof, to particularize their complaint in conformance with the Court's instructions. The Court warned Plaintiffs that the particularized complaint must comply with the joinder requirements of Rule 20 of the Federal Rules of Civil Procedure.[3] Accordingly, within twenty-one (21) days of the date of entry thereof, Plaintiffs were directed to show cause as to why the allegations in the forthcoming particularized complaint satisfied the requirements for joinder. The Court warned Plaintiffs that, in the event that they cannot satisfy the requirements for joinder, the Court will dismiss all claims except for those claims by Johnny R. Huff.[4]

## II. RESPONSE TO THE AUGUST 9, 2011 MEMORANDUM ORDER

In response to the August 9, 2011 Memorandum Order, Plaintiffs did not submit a single particularized complaint, which satisfied the requirements for joinder. Instead, Plaintiffs Huff, Nunley,

---

[3] That rule provides:

(1) Persons may join in one action as plaintiffs if:
    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a).

[4] Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Hammar, and Bennett submitted four (4) separate proposed particularized complaints that each set forth their individual claims. Given the foregoing circumstances, the Clerk will be DIRECTED to file and process the proposed particularized complaints by Plaintiffs Nunley, Hammar, and Bennett as new civil actions. The present action will proceed on the allegations set forth in Huff's proposed particularized complaint (Docket No. 8). The action will proceed with Huff as the sole Plaintiff in the present action.

The Court also has received from Huff a motion for a cease and desist order (Docket No. 2), a "MOTION OF EVIDENCE IN SUPPORT OF PLAINTIFFS['] CASE" (Docket No. 14), and a "MOTION IN SUPPORT OF Case EXHIBIT/EVIDENCE" (Docket No. 18). None of the foregoing motions are accompanied by "a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Moreover, the Court does not act as a repository for a litigant's evidence pending trial or an appropriate motion for summary judgement. Accordingly, Huff's motions (Docket Nos. 2, 14, and 18) will be DENIED.

The Court also received proposed particularized complaints from detainees Robert Leroy Davis, Jackie Lewis Robinson, Larry C. McFarland, David W. Verser, Frank E. Beverly, and James E. Robinson. These individuals are apparently laboring under the mistaken belief that the present action is proceeding as a class action. (See e.g., Davis Particularized Compl. ¶ 1.) No action will

3

be taken upon these submissions. Should Robert Leroy Davis, Jackie Lewis Robinson, Larry C. McFarland, David W. Verser, Frank E. Beverly, and James E. Robinson wish to pursue an action, they must each file a new complaint.[5]

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Plaintiffs and the other interested parties.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 9, 2011
Richmond, Virginia

---

[5] Any new complaint will proceed as a separate action. Each plaintiff will be responsible for paying the filing fee or obtaining leave to proceed in forma pauperis.

4